IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Nylmarie Lee Berrios-Del Valle )
)
**PETITIONER,** )
)
v. )
)
)
)
US. CITIZENSHIP AND IMMIGRATION )   Case No.: 26-1198
SERVICES; **NATALIA FIGUEROA** in her )
official capacity as Field Office Director, San )
Juan Field Office, U.S. Citizenship, and )
Immigration Services; **KIKA SCOTT**, in her )
official capacity as Acting Director, District )
9 - Miami District Office, U.S. Citizenship )
and Immigration Services; U.S. Citizenship )
and Immigration Services. **Hon. Joseph** )
**Edlow**, in his official capacity as Director, )
U.S. Citizenship and Immigration Services; )
and **Hon. Markwayne Mullin** in his official )
capacity as the Secretary of the U.S. )
Department of Homeland Security, )
)
**RESPONDENTS**, )

## WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

COMES NOW, Petitioner Nylmari Lee Berrios-Del Valle, in the instant case, and through its undersigned attorney respectfully States and Prays:

## I. INTRODUCTION

1. Nylmarie Lee Berrios-Del Valle is a United States Citizen. She married Alain Eduardo Varela-Herrera on October 18, 2024, who is a citizen of Venezuela. **(Attachment 1)**

2.      On January 15, 2025, Mrs. Berrios-Del Valle filed a Petition for Alien Relative on behalf of her husband, in order to have her husband apply for permanent resident status in the United States. **(Attachment 2)**

3.      The defendants have unlawfully and unreasonably delayed the adjudication of the immigration petition (I-130) in bad faith to the prejudice of the plaintiffs. The plaintiffs seek relief in the form of an order from the Court to have the petition promptly adjudicated.

## II. JURISDICTION

4.      This action is brought against the defendants, and those acting under them, for refusing to comply with their federally mandated duties under the Immigration and Nationality Act of 1952 (INA), Pub. L. No. 82-414, 66 Stat. 163 (codified as amended at 8 U.S.C. §§ 1101 et seq.); title 8 of the Code of Federal Regulations; the Administrative Procedure Act (APA), 5 U.S.C. §§ 551, §555(b), §701, et seq.; and for violations of the due process and equal protection clauses of the Fifth Amendment.

5.      This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question); and 1346(a)(2) (United States as defendant). This Court may grant relief pursuant to 5 U.S.C. §§ 702, 706 (judicial review of agency action); 28 U.S.C. § 1361 (the Mandamus Act); 28 U.S.C. § 1651 (the All-Writs Act); and 28 U.S.C. §§ 2201-02 (the Declaratory Judgment Act).

### III. VENUE

6.      Venue is proper in the District of Puerto Rico under 28 U.S.C. § 1391(e)(1) because "a substantial part of the events or omissions giving rise to the claim occurred," in this district.

### PARTIES

7       Petitioner **Nylmarie Lee Berrios-Del Valle** is a United States Citizen who lives in Carolina, Puerto. She is the petitioner in the immigration petition that is the subject of this complaint.

8.      Respondents **U.S. Citizenship and Immigration Services (USCIS)** is an agency of the U.S. Department of Homeland Security and is responsible for the adjudication of affirmative applications for immigration benefits, including the I-130 immigration petitions that are the subject of this complaint. USCIS is responsible for the legal wrongs committed against the plaintiff.

9.      Officer **Natalia Figueroa** is sued in her official capacity as the Field Office Director for the USCIS San Juan Field Office. In this capacity, she has supervisory authority over all operations of the USCIS San Juan Field Office which is responsible for the legal wrongs committed against the plaintiffs.

10.     Hon. **Kika Scott** is sued in her official capacity as the District Director for USCIS District 9 – Miami District Office which has jurisdiction over the San Juan USCIS Field Office. In this capacity, she has supervisory authority over all operations of the USCIS San Juan Field Office which is responsible for the legal wrongs committed against the plaintiffs.

11.    **Hon. Joseph Edlow** is sued in his official capacity as the Director of U.S. Citizenship and Immigration Services (USCIS) She has supervisory authority over the preceding defendants and is also responsible for the legal wrongs committed against the plaintiffs.

12.    **Hon. Markwayne Mullin** is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS) which is responsible for the enforcement of the immigration laws. Because the preceding respondents are agents of the DHS, Secretary **Mullin** is also responsible for the legal wrongs committed against the petitioner.

## EXHAUSTION OF REMEDIES

13.    The Petitioner has exhausted their administrative remedies. There is no administrative remedy, or statutory or regulatory remedy for review under the INA, or the Code of Federal Regulations, to address their circumstances.

## FACTUAL ALLEGATIONS

14.    Petitioner is a United States Citizen and resident of the Carolina, Puerto Rico, (USA).

15.    Petitioner Berrios is married to Mr. Alain Eduardo Varela-Herrera(A244-348-349) who is a citizen from Venezuela.

16    Petitioner's relationship with her husband is bonafide.

16.    On January 15, 2025, Mrs. Berrios filed with the respondents a Form I-130, Petition for Alien Relative, on behalf of husband. This petition was assigned to receipt number IOE9442142803 by USCIS. (*Attachment 2)*

18.     The petition packet filed by Mrs. Berrios contained the filing fee and sufficient supporting evidence for approval.

19.     Mrs. Berrios and her husband have not been interviewed by USCIS San Juan Field Office, to investigate the bonafide nature of their relationship.

20.     Respondents have not requested any further documentary evidence from Berrios, regarding the bonafides of the relationship.

21.     Mrs. Berrios is a United States Citizen, that is petitioning for her husband, as such, her petition for Alien Relative (Form I-130) does not have to wait for a visa number to become available, since her husband is an immediate relative. **See 8 U.S.C. § 1151(b)(2)(A)(i)**; See Matter of P-, 4 I&N Dec. 610, 613 (A.G. 1952), stating that a spouse of a U.S. citizen is eligible for an immediate visa under section 201(b)(2)(A)(i) of the Act.

22.     On January 12, 2024, Mr. Varela applied for admission into the United States and was **paroled and admitted** to the United States by the Department of Homeland Security, pending removal proceedings under Section 240 of the Immigration and Nationality Act. **(Attachment 3 & Attachment 4)**

22.     Since Mr. Varela was paroled into the United States, Varela can file an Adjustment of Status *before the Immigration Court*, since he is married to a United States Citizen and is in removal proceedings. ***See Matter of Cabazos, 17 I&N dec. 215(BIA 1980).***

*23.*     Mrs. Berrios alleges that USCIS is unreasonably delaying the adjudication of the petition filed by Berrios in bad faith.

24.    On January 12, 2024, Berrios's husband, Varela Herrera, was placed in removal proceedings. *(Attachment 3)* Since USCIS had not adjudicated the I-130, at the time Varela had to identity immigration relief before the immigration Court, the Immigration judge ordered him **removed** from the United States. *(Attachment 5)*

25.    If the I-130 is adjudicated, Mr. Varela can file a Motion to Reopen before the Immigration Court, because now he has an I-130 and he would qualify to file his adjustment of status before the Immigration court, thereby vacating his removal order.

26.    Petitioner Berrios has been prejudiced because of the ongoing uncertainty and worry she is suffering with regard to whether her husband will be allowed to remain united with his family.

27.    Petitioner cannot file Adjustment of Status before the Immigration Court if his I-130 is not adjudicated. (See <u>Matter of Garcia 16 I&N Dec. 653 (BIA 1978)</u> (An IJ should generally grant a continuance for a person in removal proceedings if they have a pending prima facie approvable I-130 petition through a USC spouse.)

28.    If the Respondents adjudicate the I-130, *Mr. Varela can adjust his status to Lawful Legal Permanent Status before the immigration Court.*

CLAIMS FOR RELIEF

FIRST CAUSE OF ACTION:<br>PETITION FILED ON BEHALF OF VARELA

29.    The allegations in paragraphs 1-27 are realleged and incorporated herein.

30.    The actions of the respondents as to the petition filed on behalf of mrs Berrios' husband have caused unlawful, unreasonable delay in the adjudication of the

petition, and constitute an unlawful, unreasonable failure to adjudicate the petition, in violation of the APA, the INA, the Code of Federal Regulations, and denies the Petitioner due process and equal protection of the laws guaranteed by the Fifth Amendment to the Constitution for the United States of America. See, e.g., 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

31.    Pursuant to 5 U.S.C. §§ 702, 706(1), the Petitioners are entitled to declaratory and injunctive relief to "compel agency action unlawfully withheld or unreasonably delayed" with regard to the petition I-130 filed by Mrs. Barrela.

32.    Alternatively, the petitioners are entitled to mandamus relief to compel an adjudication of the petition filed on behalf Varela because: (1) the Respondents have a nondiscretionary, ministerial, clear duty to adjudicate the petition; (2) the Petitioner have a clear right to an adjudication of the petition within a reasonable time; and (3) there is no other adequate remedy available to the Petitioners.

PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that this Honorable Court grant the following relief:

(a)    Assume jurisdiction over this matter;

(b)    Declare that the Respondents have unreasonably delayed, and have unreasonably failed to complete, the adjudication of Ramos' I-130 immigration petition filed by Berrios in violation of law,

(c)     Order the Respondents to adjudicate the I-130 immigration petition that Berrios filed on behalf of her husband within a reasonable period of time determined by this Court.

(d)     Retain jurisdiction over this case to ensure compliance with all of this Court's orders;

(e)     Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b); and

(f) Grant any other and further relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED.

In Santurce, Puerto Rico, February 25, 2026.

S/RAYMOND L. SANCHEZ-MACEIRA
USDC: 211405
PO BOX 191972
SAN JUAN, PR 00919
TEl 721-3370/ FAX 721-4706
sanchezlaw264@gmail.com

VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Plaintiff and submit this verification on her behalf. I hereby verify that the factual statements made in the foregoing Mandamus and Declaratory Judgment are true and correct to the best of my knowledge.

Dated this 22 day of January 2026.

s/ RAYMOND L. SÁNCHEZ MACEIRA
USDC: 211405